IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LEONARD WILSON,

    Plaintiff,

vs.                            Case No._____

QUICKSILVER DELIVERY
SYSTEM, INC. and MICHAEL
BAKER,

    Defendants.
_____ /

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, LEONARD WILSON, by and through his undersigned attorney, and sues the Defendants, QUICKSILVER DELIVERY SYSTEM, INC. and MICHAEL BAKER, (hereinafter collectively referred to as the "Defendants"), and alleges as follows:

### INTRODUCTION

1. This is an action by the Plaintiff against his former employer for unpaid overtime wages pursuant to the Fair Labor Standards Act ("FLSA"). Plaintiff seeks damages and a reasonable attorney's fee.

### JURISDICTION

2. This action arises under the Fair Labor Standards Act, 29 U.S.C. §210, *et. seq.* The Court has jurisdiction over the FLSA claim pursuant to 29 U.S.C. §216(b).

### VENUE

3. The venue of this Court over this controversy is proper based upon the claim arising in Largo, Hillsborough County, Florida.

## **PARTIES**

4. Plaintiff, LEONARD WILSON, became employed and hired by Defendants on or about July 2004, and worked for Defendants as a courier for Defendants' business located in Largo, Florida. Plaintiff's employment with Defendant terminated on or about April 4, 2007.

5. The Defendant, QUICKSILVER DELIVERY SYSTEMS, INC., is a company formed and existing under the laws of the State of Florida and at all times during Plaintiff's employment, QUICKSILVER DELIVERY SYSTEMS, INC. was an employer as defined by 29 U.S.C. §203(d).

6. Plaintiff was an employee of QUICKSILVER DELIVERY SYSTEMS, INC. and at all times relevant to the violations of the FLSA was engaged in commerce as defined by 29 U.S.C. §§206(a) and 207(a)(1).

7. Throughout Plaintiff's employment with Defendants, the Defendant QUICKSILVER DELIVERY SYSTEMS, INC. was an enterprise engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. §203(s)(1).

8. Throughout Plaintiff's employment, Defendant, MICHAEL BAKER, acted directly or indirectly in the interest of Defendant, QUICKSILVER DELIVERY SYSTEM, INC., in relation to Plaintiff's employment and were substantially in control of the terms and conditions of the Plaintiff's work and was an employer as defined by 29 U.S.C. §203(d).

9. The Defendants repeatedly and willfully violated Section 7 and Section 15 of the FLSA by failing to compensate Plaintiff at a rate not less than one and one-half time the regular rate at which he was employed for workweeks longer than forty (40)

hours. Specifically, Plaintiff worked numerous weeks in excess of forty (40) hours a week, yet was not compensated for all work in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he was employed.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally liable, for the following:

(a) Unpaid overtime wages found to be due and owing;

(b) An additional amount equal to the unpaid overtime wages found to be due and owing as liquidated damages;

(c) Prejudgment interest in the event liquidated damages are not awarded;

(d) A reasonable attorney's fee and costs; and

(e) Such other relief as the Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

DATED: January 22 2008.

Charles Scalise, Esq.
Florida Bar No. 0776327
MORGAN & MORGAN, P.A.
20 N. Orange Avenue, 4th Floor
P.O. Box 4979
Orlando, Florida 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 420-5956
E-mail: cscalise@forthepeople.com
**Attorneys for Plaintiff**